NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**VALEO NORTH AMERICA, INC., MAHLE BEHR TROY INC., MAHLE BEHR USA INC., MAHLE BEHR DAYTON L.L.C., MAHLE BEHR CHARLESTON INC., MAHLE BEHR MANUFACTURING MANAGEMENT, INC., MAHLE MANUFACTURING MANAGEMENT, INC.,**
*Plaintiffs*

**PROAMPAC INTERMEDIATE, INC., AMPAC HOLDINGS, LLC, JEN-COAT, INC., DBA PROLAMINA,**
*Plaintiffs-Appellants*

**v.**

**UNITED STATES, ALUMINUM ASSOCIATION TRADE ENFORCEMENT WORKING GROUP AND ITS INDIVIDUAL MEMBERS, JW ALUMINUM COMPANY, NOVELIS CORPORATION, REYNOLDS CONSUMER PRODUCTS LLC,**
*Defendants-Appellees*

_____

2020-1136

_____

Appeal from the United States Court of International Trade in Nos. 1:18-cv-00087-MAB, 1:18-cv-00105-MAB, Judge Mark A. Barnett.

———————————

Decided:  July 23, 2020

———————————

MARK LUDWIKOWSKI, Clark Hill PLC, Washington, DC, for plaintiffs-appellants.  Also represented by WILLIAM C. SJOBERG, COURTNEY GAYLE TAYLOR; ROBERT KEVIN WILLIAMS, Chicago, IL.

ANDREA C. CASSON, Office of the General Counsel, United States International Trade Commission, Washington, DC, for defendant-appellee United States.  Also represented by DOMINIC L. BIANCHI, BRIAN RUSSELL SOISET.

JOHN M. HERRMANN, Kelley Drye & Warren, LLP, Washington, DC, for defendants-appellees Aluminum Association Trade Enforcement Working Group and its Individual Members, JW Aluminum Company, Novelis Corporation, Reynolds Consumer Products LLC.  Also represented by KATHLEEN CANNON, GRACE WHANG KIM, JOSHUA MOREY, PAUL C. ROSENTHAL.

———————————

Before O'MALLEY, BRYSON, and HUGHES, *Circuit Judges*.

HUGHES, *Circuit Judge*.

This case involves an antidumping and countervailing duty investigation of aluminum foil.  ProAmpac appeals the United States Court of International Trade's decision affirming the United States International Trade Commission's determination that ultra-thin aluminum foil was not a separate domestic like product from other gauges of aluminum foil.  Because substantial evidence supports the Commission's decision, we affirm.

## I

In 2017, domestic producers of aluminum foil filed antidumping and countervailing duty petitions regarding imports of aluminum foil from China. *Valeo N. Am., Inc. v. United States*, 404 F. Supp. 3d 1303, 1308–09 (Ct. Int'l Trade 2019). The petitions covered aluminum foil having a thickness of 0.2 millimeters or less, in reels exceeding 25 pounds, regardless of width. *Id.* at 1309. "The petitions listed a range of uses for aluminum foil, including its use in the manufacture [of] thermal insulation for the construction industry, fin stock for air conditioners, electrical coils for transformers, capacitors for radios and televisions, and insulation for storage tanks." *Id.* (alteration in original) (internal quotation marks omitted).

While "Commerce determines whether foreign imports into the United States are either being dumped or subsidized (or both)," the United States International Trade Commission (Commission) "determine[s] whether these dumped or subsidized imports are causing material injury to a domestic industry in the United States." *Changzhou Trina Solar Energy Co., Ltd. v. U.S. Int'l Trade Comm'n*, 100 F. Supp. 3d 1314, 1319 (Ct. Int'l Trade 2015) (internal quotation marks omitted); *see* 19 U.S.C. §§ 1671, 1673. The Commission "identif[ies] the corresponding universe of items produced in the United States [by the affected industry] that are like, or in the absence of like, most similar in characteristics and uses with the items in the scope of the investigation." *Changzhou Trina Solar*, 100 F. Supp. 3d at 1319 (citing 19 U.S.C. §§ 1673(i), 1671(a)) (internal quotation marks omitted) (additional citation and formatting marks omitted).

Here, in the preliminary phase of its injury investigations, the Commission considered the correct definition of the domestic like product, and whether there were clear dividing lines among the domestically produced products corresponding to the in-scope imported articles. Certain

parties argued that flat-rolled aluminum foil more than 45 microns (0.045 millimeters) thick was a separate domestic like product. *Valeo N. Am., Inc.*, 404 F. Supp. 3d at 1309. Others argued that ultra-thin aluminum foil less than eight microns (0.008 millimeters) thick was a separate domestic like product. *Id.*

The Commission conducted its six-factor domestic like product analysis, considering: (1) physical characteristics and uses; (2) interchangeability; (3) channels of distribution; (4) customer and producer perceptions; (5) common manufacturing facilities, production processes, and production employees; and, where appropriate, (6) price. *Id.* at 1312. *See also*, *Cleo Inc. v. United States*, 501 F.3d 1291, 1295 (Fed. Cir. 2007); *Timken Co. v. United States*, 913 F. Supp. 580, 584 (Ct. Int'l Trade 1996). "When weighing those factors, the Commission disregards minor differences and focuses on whether there are any clear dividing lines between the products being examined." *Cleo*, 501 F.3d at 1295. Here, the Commission found no clear dividing lines between the varieties and gauges of aluminum foil identified by the parties, including ultra-thin aluminum foil, and therefore preliminarily found "a single domestic like product consisting of all aluminum foil coextensive with the scope of the investigations." *Valeo N. Am., Inc.*, 404 F. Supp. 3d at 1309 (quoting the Commission's Preliminary Views).

During the final phase of its investigation, ProAmpac disputed the Commission's preliminary determination. ProAmpac highlighted why it believed ultra-thin aluminum foil should be classified separately, including that few domestic aluminum foil manufacturers produce ultra-thin aluminum foil. *See, e.g.*, J.A. 752–53.

The Commission issued its final determinations in 2018, affirming its preliminary decision that ultra-thin aluminum foil was not a separate domestic like product.

*Valeo N. Am., Inc.*, 404 F. Supp. 3d at 1311 (citing the Commission's Final Views).

ProAmpac appealed the Commission's decision to the United States Court of International Trade (CIT). The CIT sustained the Commission's decision and entered judgment in favor of the Commission.[1]  *Valeo N. Am., Inc.*, 404 F. Supp. 3d at 1313–15, 1323.[2]

ProAmpac timely appealed. We have jurisdiction under 28 U.S.C. § 1295(a)(5).

## II

"Like the [CIT], this court reviews the Commission's determination for substantial evidence." *Cleo*, 501 F.3d at 1296; 19 U.S.C. § 1516a(a)(2)(B)(i), (b)(1)(B)(i). Under the substantial evidence standard, we will affirm the Commission's determination if it is supported by the record as a whole, even if some evidence detracts from the Commission's conclusion. *Atl. Sugar, Ltd. v. United States*, 744 F.2d 1556, 1562–64 (Fed. Cir. 1984).

ProAmpac argues that substantial evidence does not support the Commission's domestic like product analysis based on four of the six factors: physical characteristics and uses; interchangeability; common manufacturing facilities, production processes, and production employees; and price. Appellant's Br. 13–15. We conclude that ProAmpac's arguments do not show a lack of substantial evidence.

---

[1]    Valeo North America, Inc. and MAHLE Behr Troy, Inc. also challenged the Commission's determination related to a different type of aluminum product. These parties have not appealed the CIT's decision rejecting those challenges.

[2]    The CIT also issued a confidential opinion, which is not cited herein.

The Commission considered evidence for all six factors of the domestic like product analysis, acknowledged that ultra-thin aluminum foil differed from thicker aluminum foil in some respects, but ultimately concluded that such differences were no more than would be expected in a grouping of similar products. The Commission therefore concluded that there was no clear dividing line between ultra-thin aluminum foil and thicker gauge foils. ProAmpac does not dispute the veracity of any particular fact the Commission considered, nor does it identify any evidence the Commission actually failed to consider. Instead, ProAmpac asks this court to reweigh the evidence according to its preferred interpretation. We decline to do so. *Trent Tube Div., Crucible Materials Corp. v. Avesta Sandvik Tube AB*, 975 F.2d 807, 815 (Fed. Cir. 1992) ("It is not for this court on appeal to reweigh the evidence or to reconsider questions of fact anew.").

## III

In determining that ultra-thin aluminum foil should not be defined as a separate domestic like product, the Commission weighed evidence in support of, and against, its decision. Substantial evidence supports the Commission's decision. We therefore affirm.

## AFFIRMED